-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHAD DRISCOLL, SR.,

                    Plaintiff,

          -v-                                          DECISION AND ORDER
                                                       13-CV-336M

OFFICER JOSEPH RUDNICK, TROOPER FIFIELD,
JAMES T. HAYDEN and WEEDEN WETMORE,

                    Defendants.

---



## **INTRODUCTION**

Plaintiff, proceeding *pro se*, initially filed this complaint, which the Court (Hon. Richard J.

Arcara) construed as alleging claims of false arrest and malicious prosecution, against the City of

Elmira only. The Court granted plaintiff permission to proceed *in forma pauperis* and directed

plaintiff to file an amended complaint which (1) addressed why the false arrest claim should not be

dismissed with prejudice as barred by the applicable three year statute of limitations, and (2) set forth

an actionable claim of malicious prosecution against individual defendants who plaintiff alleged had

been personally involved in the malicious prosecution. (Docket No. 4, Decision and Order.) The

complaint, while mentioning two of the law enforcement officers allegedly involved in the arrest and

search (Joseph Rudnick and Trooper Fifield), did not name the two officers nor any other individuals

as defendants. The Court also dismissed the claims against the City of Elmira pursuant to *Monell*

*v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978), because the complaint failed

to allege that the constitutional violations occurred pursuant to a policy or custom of the City.

(Decision and Order, at 6-8.)

Plaintiff filed an amended complaint against defendants Officer Rudnick, Trooper Fifield, Chemung County Court Judge James T. Hayden and Chemung County District Attorney Weeden A. Wetmore. (Docket No. 7, Amended Complaint.) The amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

2

Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted). For the following reasons, all of plaintiff's claims, except the malicious prosecution claim against defendants Officer Rudnick and Trooper Fifield, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or (iii).

## A. PLAINTIFF'S CLAIMS

Similar to the allegations set forth in the complaint, plaintiff alleges that on July 24, 2009, he was pulled out of his car by Rudnick and Fifield after a traffic stop for loud music and Rudnick searched his "pockets and person" and arrested him. (Amended Complaint, First Claim, and Attachment: "Individual Liability.") Plaintiff claims that Rudnick and Fifield had no basis to search him incident to the arrest because the initial traffic stop was for a noise violation. (*Id.*) Judge Hayden denied plaintiff's suppression motion in February 2010, but plaintiff claims Judge Hayden was more concerned with his criminal history than the facts and law. Plaintiff pled guilty to criminal possession of a controlled substance, fifth degree, and was sentenced on March 19, 2010, to a determinate term of 3-1/2 years and two years post-release supervision. District Attorney Wetmore presented the case to the Grand Jury in October 2009 and did not "care" that the evidence was

obtained illegally. Plaintiff's conviction was reversed by the Appellate Division, Third Department on December 27, 2012. (Amended Complaint, Second Claim, Attachment: "Individual Liability.")

1.   Statute of Limitations: False Arrest/False Imprisonment, Search and Seizure and Excessive Force

Plaintiff addresses the statute of limitations issue by attaching to the Amended Complaint an Attachment titled "Nature of Claim: False Arrest and False Imprisonment," wherein he states the reason he did not file the complaint within the three year statute of limitations was because he believed he had to complete his direct appeal process before filing the complaint. He notes that his appellate attorney asked for and received a number of extensions to perfect the appeal, and asks this Court to take into consideration that he is a "layman and knew nothing of the law until his imprisonment." (Amended Complaint, Attachment: Nature of Claim: False Arrest and False Imprisonment.) He claims that if he had known the statute of limitations began to run when he was falsely imprisoned, he would have filed sooner. He again states that he believed that his claim did not accrue (*i.e.*, "the [three] year statute of limitations began then") until his direct appeal had concluded.

As noted in the initial Decision and Order finding that plaintiff's false arrest and false imprisonment claims were untimely, a claim of false arrest or false imprisonment "begins to run 'when the alleged false imprisonment ends.' An alleged false imprisonment ends when the 'victim becomes held pursuant to legal process–when, for example, he is bound over by a magistrate or arraigned on charges.'" *Lynch v. Suffolk County Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (Summary Order) (quoting *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)).

4

The Court understands that plaintiff is a layman and may not have known or understood when his claims accrued but, it is clear, that mere ignorance of the law is not a basis for equitably tolling the statute of limitations. *See, e.g., Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997) ("Mere ignorance of the law is ... insufficient to delay the accrual of the statute of limitations.") The Second Circuit Court of Appeals has established a stringent standard for the application of equitable tolling:

> Although we have broadly stated ... that we will apply the equitable tolling doctrine "as a matter of fairness" where a plaintiff has been "prevented in some extraordinary way from exercising his rights," *Miller v. International Telephone & Telegraph Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), we made it clear that we had in mind a situation where a plaintiff "could show that it would have been impossible for a reasonably prudent person to learn" about his or her cause of action. *Id.* (emphasis added); *see Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996).

*Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002); *see also Rochester v. Sixth Precinct Police Station*, 370 F. App'x 244, 245 (2d Cir. 2010) (Summary Order) ("Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'") (quoting *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003)); *Fairley v. Collins*, No. 09 Civ. 6894(PGG), 2011 WL 1002422, at *6 (S.D.N.Y. March 15, 2011) (Plaintiff's "alleged ignorance about his ability to file a lawsuit against Defendants is ... not sufficient to invoke equitable tolling.") (citation omitted)). Plaintiff has failed to set forth any extraordinary circumstances on which the Court could equitably toll the statute of limitations and, accordingly, his claims of false arrest and false imprisonment, as well as his claims of unlawful search and seizure, *Mallard v. Potenza*, 94-CV-223 (CBA), 2007 WL 4198246, at * 2-5 (E.D.N.Y. Nov. 21, 2007) (*Wallace's* limitation on *Heck's* deferred accrual rule applies to unlawful search and seizure claims, and a claim of unlawful search and seizure accrues upon the search and seizure); *aff'd*

5

376 F. App'x 132, 133 (2d Cir. 2010); *see also Spencer v. Connecticut*, 560 F. Supp. 2d 153, 158-59

(D.Conn. 2008) (statute of limitations on plaintiff's unlawful search claim began to run on the date

of search, not on date conviction was overturned by appellate court), and excessive force, *see, e.g.*

*Jefferson v. Kelly*, No. 06-CV-6616, 2008 WL 1840767, at \*3 (E.D.N.Y. Apr. 22, 2008) (citing

cases) (plaintiff's excessive force claim accrued at the time of his arrest), must be dismissed as time

barred.

    2.  <u>Claims Against Judge Hayden and District Attorney Wetmore</u>

As noted above, plaintiff alleges that Chemung County Court Judge Hayden and Chemung

County District Attorney Wetmore "maliciously prosecuted" him when Judge Hayden denied

plaintiff's motion to suppress and sentenced plaintiff, and Wetmore submitted his case to the Grand

Jury "after seeing that [p]laintiff's constitutional search and seizure rights had been violated . . . ."

(Amended Complaint, Second Claim: Attachments "Individual Liability" and "Malicious

Prosecution.")

    *(a.) Judicial Immunity*

The claims against Judge Hayden must be dismissed in their entirety because he is entitled

to absolute judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). It is well settled that judges are

absolutely immune from suit for any actions taken within the scope of their judicial responsibilities.

*See. e.g., Mireles v. Waco*, 502 U.S. 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general
> principle of the highest importance to the proper administration of justice that a
> judicial officer, in exercising the authority vested in him, shall be free to act upon his
> own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)).  The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though unfairness and injustice to a litigant may result on occasion, *Mireles*, 502 U.S. at 9.  The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.  *See Pierson*, 386 U.S. at 547.

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id.* at 356-57 (quoting *Bradley*, 80 U.S. (13 Wall.) at 351); *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction), *cert. denied*, 489 U.S. 1016 (1989).  Second, a judge is immune only for actions performed in his judicial capacity.  *Stump*, 435 U.S. at 360; *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant).  *Stump* further distinguished between an "excess of jurisdiction" and "the clear absence of all jurisdiction" over the subject matter.

Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible.  But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall

be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend. *Stump*, 435 U.S. at 356 n.6 (citing *Bradley*, 80 U.S. at 351).

The allegations herein clearly fall within the scope of Judge Hayden's jurisdiction and, therefore, he is entitled to absolute judicial immunity and the claims against him must be dismissed in their entirety.

### (b) Prosecutorial Immunity

In addition to judges, prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury to initiate a prosecution ..., activities in deciding not to do so ..., and conduct of plea bargaining negotiations...." *Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir. 1986) (citing *Lee v. Willins*, 617 F.2d 320 (2d Cir.), *cert. denied*, 449 U.S. 861 (1980); *Dacey v. Dorsey*, 568 F.2d 275, 278 (2d Cir.), *cert. denied*, 436 U.S. 906 (1978); *Taylor v. Kavanagh*, 640 F.2d 450 (2d Cir. 1981)).

Wetmore, who is alleged to have presented the case to the Grand Jury, is clearly entitled to absolute immunity herein and, accordingly, the claims against him also must be dismissed in their entirety, with prejudice.

### CONCLUSION

For the reasons discussed above, all of plaintiff's claims set forth in the amended complaint, except the malicious prosecution claim against defendants Officer Joseph Rudnick and Trooper

Fifield, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or (iii), and the

U.S. Marshal is directed to serve the summons and amended complaint on Officer Joseph Rudnick

and Trooper Fifield regarding the remaining malicious prosecution claim.

### ORDER

IT HEREBY IS ORDERED, that all of plaintiff's claims set forth in the amended complaint,

except the malicious prosecution claim against defendants Officer Joseph Rudnick and Trooper

Fifield, are dismissed with prejudice ;

FURTHER, that the Clerk of the Court is directed to terminate defendants James T. Hayden

and Weeden A. Wetmore as parties to this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals

Service to serve copies of the Summons, Amended Complaint, this Order and the Order filed June

20, 2013 (Docket No. 4), upon Officer Joseph Rudnick and Trooper Fifield without plaintiff's

payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in

plaintiff's favor.[1]

SO ORDERED.

Dated: April 24, 2014
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[1] In allowing this claims to proceed and directing a response to it, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.